**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Crim. No. RDB 09-0263 |
| | * | |
| **DONTE SUMMERS, et al.** | * | |

****o0o****

**JOINT MOTION FOR CONTINUANCE**

      Now comes the United States of America by its attorneys, Rod J. Rosenstein, United States Attorney, and Philip S. Jackson, Assistant United States Attorney, and says the following.

      1.   On June 19, 2009, the Defendants, Donte Summers, Lavonya Moody and Nathan Blue, were indicted in the instant matter and thereby charged with criminal conspiracy to distribute heroin in violation of 21 U.S.C. §846.

      2.   After their respective arraignments, this Court entered a scheduling order whereby a pretrial motions hearing on Wednesday September 30, 2009 and a trial date of October 19, 2009 were set.

      3.   The instant charges stem from a wiretap investigation.  The discovery documents in the instant matter number in the hundreds.  The intercepted conversations to be reviewed by defense counsel also number in the hundreds.  Therefore, by any gauge the discovery materials provided to counsel can be characterized as voluminous and complex, and requires an unusual

amount of time to review in contemplation of filing pretrial motions.

    3.   Further, from the date defense counsel have entered their respective appearances in this matter, the government and counsel for the defendants have discussed plea negotiations regarding this matter.

    4.   Defense counsel in this matter have authorized the government to request on their client's behalf a continuance of the pre-trial hearing and trial dates so that a thorough review of the discovery materials can be made and further plea negotiations/discussions take place.

    5.   Courts have held that time occupied with plea negotiations may appropriately be treated as one of the other unspecified "proceedings involving the defendant" that can serve as a basis for excluding time under the Speedy Trial clock pursuant to § 3161(h)(1). See e.g., *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987)(the plea bargaining process can also qualify as one of many 'other proceedings' under the generic exclusion of section 3161(h)(1)); *United States v. Van Sommeren*, 118 F.2d 1214, 1218 (8th Cir. 1997), (we exclude the plea negotiations as a 'proceeding involving defendant' under § 3161(h)(1)); and *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987)(the district court had properly excluded time under the Speedy Trial Act based upon its

finding that a tentative plea agreement had resulted from negotiations between defense counsel and the government).

    6. Courts have further recognized that "additional time allowed for the preparation and filing of pretrial motions is excluded from the speedy trial calculation if granted pursuant to 18 U.S.C.A. § 3161(h)(8). *United States v. Jarrell*, 137 F.3d 315, 318 (4th Cir. 1998).

    7. It is jointly suggested by the parties that this Court enter a Scheduling Order whereby the parties would report back to the Court within thirty (30) days the status of their plea negotiations, and that the time between March 25, 2004, (the date counsel entered his appearance in this matter) and that date the court fixes for the parties to make their status report be excluded from the speedy trial computation demanded by the 18 U.S. C. §3161.

    8. By joining in the filing of this motion, these defendants have through counsel agreed to not invoke their statutory speedy trial rights as outlined in 18 U.S.C. §3161.

    WHEREFORE, it is respectfully prayed that this court: 1) continuing the scheduled motions and trial, and 2) enter an order excluding from 18 U.S.C. §3161's speedy trial computation the time period beginning August 18, 2009 (the date when Nathan Blue, the last co-Defendant arrested, was arraigned) and ending on that day fixed by the Court where the parties must make a status report regarding plea negotiations.

Respectfully Submitted,

Rod J. Rosenstein
United States Attorney

_____/s/_____
Philip S. Jackson
Asst. United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
(410)209-4848

## CERTIFICATION

It is this 23rd day of September, 2009, certified that a copy of the foregoing motion was electronically sent to:

Paul Hazlehurst, Esq.
Attorney for Donte Summers
100 S. Charles Street, Tower II
Baltimore, MD 21201

Gary Proctor, Esq.
Attorney for Nathan Blue
8 E. Mulberry Street
Baltimore, MD 21202

Laura Robinson, Esq.
Attorney for Lavonya Moody
7419 Baltimore-Annapolis Blvd.
PO Box 1330
Glen Burnie, MD 21060

_____/s/_____
Philip S. Jackson
Asst. United States Attorney